Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


★ ★ ★ ★ ★ ★ ★



## OPINION

No. 04-11-00442-CV

Emmanuel C. **OKONKWO**,
Appellant

v.

Chinelo Joan **OKONKWO**,
Appellee

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-CI-07109
Honorable Peter A. Sakai, Judge Presiding

Opinion by:     Phylis J. Speedlin, Justice

Sitting:        Karen Angelini, Justice
                Phylis J. Speedlin, Justice
                Rebecca Simmons, Justice

Delivered and Filed:   February 15, 2012

AFFIRMED

Emmanuel C. Okonkwo appeals the dismissal of his divorce suit. We affirm the

judgment of the trial court.

### BACKGROUND

Emmanuel filed a petition for divorce from his wife, Chinelo Okonkwo, in Bexar County

in May 2011. In addition to seeking dissolution of the marriage, the divorce petition also

requested orders for the conservatorship and support of their three children. Chinelo filed a

special appearance requesting the court to dismiss the action because the trial court lacked personal and subject-matter jurisdiction or, alternatively, because Texas was an inconvenient forum. A hearing was held and the facts developed during the hearing were essentially undisputed. The Okonkwos were married in 1998. Because of Emmanuel's military service with the Army, the couple lived in various places, including San Antonio from 1998 to 2000. Their last marital home was in Chester, Virginia where they separated in 2007. After the couple's separation, Chinelo and the three children remained in Virginia. Chinelo sought and obtained sole custody and a final order of support as to the three children from the Chesterfield Juvenile & Domestic Relations District Court in 2008. Emmanuel returned to San Antonio in 2009. At the conclusion of the hearing, the trial court found that it did not have jurisdiction of the case or of the parties, that the state of Virginia has continuing, exclusive jurisdiction by virtue of a prior child support proceeding in Virginia, and further found that Texas is an inconvenient forum for Chinelo and that Virginia was the more appropriate forum under the circumstances of the case. Thus, the trial court granted the special appearance and dismissed Emmanuel's suit. Emmanuel timely appealed.

## ANALYSIS

We construe Emmanuel's pro se brief to argue that the trial court abused its discretion in dismissing his case in its entirety. We review a trial court's denial of jurisdiction on the basis of forum non conveniens for an abuse of discretion. *Yoroshii Invs. (Mauritius) Pte. Ltd. v. BP Int'l Ltd.*, 179 S.W.3d 639, 642 (Tex. App.—El Paso 2005, pet. denied). A trial court abuses its discretion when it acts without reference to any guiding rules or legal principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). We reverse the trial court's ruling only if it was arbitrary or unreasonable. *Id.* at 242.

**Child Custody Suit**

Although Emmanuel does not contend the trial court erred by declining to exercise jurisdiction over his suit affecting the parent child relationship (SAPCR), we begin our analysis by noting the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) provides the exclusive jurisdictional basis for making a child custody determination by a court of this state. TEX. FAM. CODE ANN. § 152.201(b) (West 2008). A Texas court can make an initial custody determination only if Texas is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state. *Id.* § 152.201(a)(1) (West 2008). Home state is defined as "the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding." *Id.* § 152.102(7) (West 2008). Here, it is undisputed that Emmanuel's children have not lived in Texas since 2000. Therefore, Texas is not their home state under section 152.201(a)(1). *Id.*

Because Texas cannot claim jurisdiction under section 152.201(a)(1), a Texas court could have asserted jurisdiction only if a court of another state did not have home state jurisdiction or a court of the home state of the children had declined to exercise jurisdiction on the ground that this state is the more appropriate forum under section 152.207 or 152.208, and the children and at least one of the children's parents have significant connections to Texas. *See id.* § 152.201(a)(2) (West 2008). Here, however, it is undisputed that Virginia has not declined to exercise jurisdiction; and in fact, a Virginia District Court has issued a prior child support order relating to all three of the children. As a result of the foregoing, we conclude the trial court lacked subject matter jurisdiction over the child custody issues in Emmanuel's suit.

**Divorce Action**

Emmanuel appears to contend that despite not having jurisdiction over the child custody issues, the trial court erred when it did not retain jurisdiction over his divorce as allowed under Texas Family Code section 152.207(d). Section 152.207(d) reads as follows:

> A court of this state may decline to exercise its jurisdiction under this chapter if a child custody determination is incidental to an action for divorce . . . while still retaining jurisdiction over the divorce . . . .

*Id.* § 152.207(d) (West 2008). We disagree that the trial court was required to retain jurisdiction of the divorce. The language of section 152.207(d) as quoted above is discretionary, not mandatory. *See* TEX. GOV'T. CODE ANN. § 311.016(1) (West 2005) (the word "may" creates discretionary authority). The trial court *may* retain jurisdiction over the divorce, but is not required to do so. TEX. FAM. CODE ANN. § 152.207(d); *see also* TEX. FAM. CODE ANN. § 6.308(a) (West 2006) (noting that a court in which a suit for dissolution of a marriage is filed "may" exercise its jurisdiction over those portions of the suit for which it has authority).

Additionally, under the equitable doctrine of forum non conveniens, a trial court may exercise its discretion to decline to impose an inconvenient forum upon a litigant. *Exxon Corp. v. Choo*, 881 S.W.2d 301, 305 (Tex. 1994) (holding that federal maritime doctrine of forum non conveniens did not preempt the application of Texas forum non conveniens law). In determining whether to dismiss a suit on the grounds of forum non conveniens, a court considers such factors as: (1) the litigant's own interests in such matters as which forum would provide easiest access to sources of proof; (2) the cost of obtaining the presence of witnesses; (3) the availability of process to compel the attendance of unwilling witnesses; and (4) such factors of public interest as (a) administrative problems and docket congestion resulting from transfers of cases to metropolitan centers, and (b) concerns involving the courts of one state applying foreign law,

particularly when the foreign law so differs from the law of the forum that the courts of the forum would find it difficult or impossible to administer and enforce the foreign law. *See Flaiz v. Moore*, 359 S.W.2d 872, 874-75 (Tex. 1962); *Griffith v. Griffith*, 341 S.W.3d 43, 56 (Tex. App.—San Antonio 2011, no pet.); *Boots v. Lopez*, 6 S.W.3d 292, 294-95 (Tex. App.—Houston [14th Dist.] 1999, pet. denied). The defendant generally bears the burden of persuasion on all elements of the forum non conveniens analysis. *Lee v. Na*, 198 S.W.3d 492, 495 (Tex. App.—Dallas 2006, no pet.).

As noted previously, Emmanuel and Chinelo have not lived in Texas as a married couple since 2000. Their last marital home was in Virginia where Chinelo and the three children have remained. Further, Emmanuel admits the only property in dispute is located in Virginia. Given this record, we find no abuse of discretion by the trial court. Accordingly, we overrule Emmanuel's issues on appeal, and affirm the judgment of the trial court.

Phylis J. Speedlin, Justice