**Affirmed and Opinion filed November 18, 2014.**



In the

# Fourteenth Court of Appeals

### NO. 14-13-01063-CV

## IN THE INTEREST OF S.A.H., A CHILD

**On Appeal from the 245th District Court
Harris County, Texas
Trial Court Cause No. 2006-75715**

## O P I N I O N

In this appeal arising from an original suit affecting the parent-child relationship (SAPCR),[1] a mother challenges the trial court's order granting an alleged father's petition to declare an agreed order adjudicating parentage void and voiding such order based on a lack of subject-matter jurisdiction. We affirm.

---

[1] A SAPCR is defined under the Texas Family Code as a suit "in which the appointment of a managing conservator or a possessory conservator, access to or support of a child, or establishment or termination of the parent-child relationship is requested." Tex. Fam. Code Ann. § 101.032(a) (West 2014).

# I.   FACTUAL AND PROCEDURAL BACKGROUND

The child at issue, S.A.H., was born on September 23, 2001, in Monterrey, Nuevo Leon, Mexico. The child's mother, appellant Mirna Leticia Alcantar, filed an original petition to adjudicate parentage on November 29, 2006. The petition stated that the child resided in Mexico; the alleged father was appellee Nicolas Froylan Perez, who could be served in Houston, Harris County, Texas; and the purpose of the suit was to establish the parent-child relationship between Perez and S.A.H. Alcantar alleged that S.A.H. had no presumed, acknowledged, or adjudicated father. In addition to requesting genetic testing of Perez, Alcantar also requested that she be appointed as joint managing conservator and that Perez pay child support, including health care expenses. Alcantar attached as an exhibit an affidavit for UCCJEA (Uniform Child Custody Jurisdiction and Enforcement Act) Information,[2] in which she averred that S.A.H. presently lived at an address in Monterrey, Nuevo Leon, Mexico; S.A.H. had lived at this address with Alcantar and the child's maternal grandfather since June 2004; from January 1, 2004 to June 2004, S.A.H. lived at the same address in Monterrey, Nuevo Leon, Mexico, with Alcantar and both maternal grandparents prior to the grandmother's death; and from "September 23, 2003 [sic], the date of the child's birth, until December 31, 2003," SAH lived at another address in Monterrey, Nuevo Leon, Mexico, with Alcantar and both maternal grandparents. Perez answered, denying paternity and requesting that Alcantar pay for the genetic testing. Perez denied having any knowledge of the whereabouts or existence of then five-year-old S.A.H.

On September 28, 2007, the trial court signed an agreed order adjudicating parentage (the "2007 order"). In addition to adjudicating that Perez is the father of

---

[2] *See* Tex. Fam. Code Ann. § 152.209 (West 2014) (requiring each party in its initial pleading or by affidavit to provide trial court with information regarding child's residence over past five years).

S.A.H., the court in the 2007 order also adjudicated conservatorship, possession and access, child support, and health care expenses.[3] With regard to jurisdiction, the trial court found that "it has jurisdiction of this case and of all of the parties." The court noted that the parties waived making a record of testimony. In the 2007 order, the trial court found that S.A.H.'s country of residence is Mexico, and included information indicating Alcantar's residence and work addresses were located in Monterrey, Nuevo Leon, Mexico, while Perez's residence and work addresses were located in Houston, Texas.

On July 16, 2012, Alcantar filed a petition to modify parent-child relationship[4] and a motion for enforcement of child support order and order to appear. Perez answered Alcantar's petition and motion.

On November 17, 2012, Perez filed a petition to declare the 2007 order void. Perez argued that the trial court lacked subject-matter jurisdiction to make orders regarding conservatorship and child support because neither S.A.H. nor Alcantar has ever lived in Harris County or Texas. Alcantar responded, arguing that Perez's petition was an impermissible collateral attack. The trial court held an evidentiary hearing; no record was requested or made. On November 13, 2013, the trial court signed an order granting Perez's petition to declare order void and declaring the 2007 order to be void (the "2013 order"). Alcantar timely appealed.

## II.    ANALYSIS

Alcantar presents two issues for this court's review. First, whether the 2007 order is void on its face, and second, whether Perez has overcome the presumption

---

[3] As part of child support, the trial court ordered that Perez apply for and obtain legal resident status and citizenship for S.A.H.

[4] Essentially, Alcantar requested an increase in child support due to S.A.H's physical disability.

that judgments are supported by jurisdictional facts established at the time the cause was tried. Both of these issues implicate whether the trial court erred in declaring the 2007 order void; therefore, we consider them together.

Subject-matter jurisdiction is essential to a court's power to decide a case. *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013) (per curiam). Subject-matter jurisdiction cannot be conferred by consent, estoppel or waiver. *Waite v. Waite*, 150 S.W.3d 797, 800 (Tex. App.—Houston [14th Dist.] 2004, pet. denied); *see Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993). Subject-matter jurisdiction can be raised at any time. *Alfonso v. Skadden*, 251 S.W.3d 52, 55 (Tex. 2008) (per curiam). Whether a trial court has subject-matter jurisdiction is a question of law we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *In re K.Y.*, 273 S.W.3d 703, 706 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *see Powell v. Stover*, 165 S.W.3d 322, 324–25 (Tex. 2005) (orig. proceeding) (UCCJEA's "home state" jurisdictional requirement is question of law).

A trial court's prior judgment is void and subject to collateral attack if the record affirmatively demonstrates that the court lacked subject-matter jurisdiction over the suit. *See PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 273 (Tex. 2012). Although a judgment attacked collaterally, i.e., after the time to bring a direct attack has expired, is presumed valid, this presumption disappears when the record establishes a jurisdictional defect.[5] *Id.* We may look beyond the face of the

---

[5] There appears to be some inconsistency among Texas cases as to whether a court entertaining a collateral attack may ever base its decision on evidence or matters that were not part of the record before the court when it rendered the judgment under collateral attack and, if so, under what circumstances it is appropriate to base the ruling in a collateral attack upon such evidence or matters. *See PNS Stores*, 379 S.W.3d at 273–75 & n.13; *York v. State*, 373 S.W.3d 32, 41–42 (Tex. 2012); *Alfonso*, 251 S.W.3d at 55; *Bandy v. First State Bank, Overton, Tex.*, 835 S.W.2d 609, 614–15 (Tex. 1992); *White v. White*, 179 S.W.2d 503, 506 (Tex. 1944); *Templeton v. Ferguson*, 33 S.W. 329, 332–33 (Tex. 1895); *Crawford v. McDonald*, 33 S.W. 325, 328 (Tex.

4

judgment at issue to determine whether the record affirmatively demonstrates that the trial court lacked subject-matter jurisdiction.[6] *Id.* A collateral attack may be brought against a void judgment "at any time." *Id.* at 272. Moreover, a trial court retains jurisdiction to vacate void orders or judgments. *See Alfonso*, 251 S.W.3d at 55; *Metro. Transit Auth. v. Jackson*, 212 S.W.3d 797, 802 (Tex. App.—Houston [1st Dist.] 2006, pet. denied).

A trial court's subject-matter jurisdiction over an initial child custody suit is governed by section 152.201 of the Texas Family Code. Tex. Fam. Code Ann. § 152.201(a) (West 2014). Under the UCCJEA, a Texas state court has subject-matter jurisdiction to make an initial child custody determination only if one of the following four bases of jurisdiction applies:

> (1) this state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;
>
> (2) a court of another state does not have jurisdiction under Subdivision (1), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under Section 152.207 or 152.208, and:
>
> > (A) the child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and
> >
> > (B) substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships;

---

1895). We need not address this issue in today's case because the record before the trial court when it rendered the 2007 order is sufficient to affirmatively demonstrate that the trial court lacked subject-matter jurisdiction. Thus, we need not and do not rely on matters that were not before the trial court when it rendered the 2007 order.

[6] Alcantar's argument that this court is limited to the face of the 2007 order is contrary to binding precedent from the Supreme Court of Texas. *See PNS Stores*, 379 S.W.3d at 273.

(3) all courts having jurisdiction under Subdivision (1) or (2) have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under Section 152.207 or 152.208; or

(4) no court of any other state would have jurisdiction under the criteria specified in Subdivision (1), (2), or (3).

*Id.* Section 152.201(a) is the exclusive jurisdictional basis for a Texas court to make a child custody determination. *Id.* § 152.201(b). The UCCJEA prioritizes "home state" jurisdiction. *See id.* § 152.201(a)(1); *In re Dean*, 393 S.W.3d 741, 746 (Tex. 2012) (orig. proceeding); *Powell*, 165 S.W.3d at 325; *Parker v. Dennis*, No. 14-12-00085-CV, 2013 WL 5346417, at *2 (Tex. App.—Houston [14th Dist.] Aug. 27, 2013, no pet.) (mem. op.). "Commencement" means the filing of the first pleading in a proceeding. Tex. Fam. Code Ann. § 152.102(5) (West 2014). The term "home state" means:

the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding. In the case of a child less than six months of age, the term means the state in which the child lived from birth with a parent or a person acting as a parent. A period of temporary absence of a parent or a person acting as a parent is part of the period.

*Id.* § 152.102(7).

In determining where a child lived for purposes of establishing home state jurisdiction, courts focus on the child's "physical presence" in a state, not the legal residency of the child's parents. *Powell*, 165 S.W.3d at 326–28. For purposes of applying the UCCJEA, a foreign country is to be treated as if it were a state of the United States. Tex. Fam. Code Ann. § 152.105(a) (West 2014). "[T]he operative date for determining whether Texas has jurisdiction is the date the suit was filed in Texas." *In re Walker*, 428 S.W.3d 212, 219 (Tex. App.—Houston [1st Dist.] 2014,

6

orig. proceeding) (internal quotation marks omitted). Because this case involves an initial child custody determination, and home-state jurisdiction has priority, the question presented is whether, on the date the proceeding was commenced, Texas was S.A.H.'s home state. *See* Tex. Fam. Code Ann. § 152.102(8); *Powell*, 165 S.W.3d at 325.

The SAPCR petitioner has the burden to allege facts establishing the trial court's subject-matter jurisdiction under the UCCJEA. *See Barabarawi v. Rayyan*, 406 S.W.3d 767, 773 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *Barajas v. Santiago*, No. 01-10-00914-CV, 2012 WL 760921, at *3 (Tex. App.—Houston [1st Dist.] Mar. 8, 2012, no pet.) (mem. op.).

Alcantar is correct the 2007 order recites that the trial court has jurisdiction of this case and of all the parties. Alcantar is also correct that the 2007 order does not state anything about where S.A.H. lived at the time of the commencement of the proceeding, only that S.A.H. resided in Mexico as of the signing of the 2007 order. However, Alcantar's original petition, including her affidavit attached thereto, affirmatively demonstrates that S.A.H.'s only home state from birth through the filing date of Alcantar's original petition was Mexico. This petition showed that Texas was neither S.A.H.'s home state on the date of the commencement of the proceeding, nor S.A.H.'s home state within six months before the commencement of the proceeding. In addition, in her affidavit, Alcantar testified that: (1) she had not participated, as a party or as a witness or in any other capacity, in any other proceeding concerning the custody of or visitation with S.A.H. in Texas or any other state; and (2) she did not know of any proceeding that could affect this proceeding, including proceedings for enforcement and proceedings relating to domestic violence, protective orders, termination of parental rights, and adoptions. Under Alcantar's petition, there was no case in

7

which a Mexican court declined to exercise jurisdiction on the ground that a Texas court is the more appropriate forum to determine the custody of S.A.H. under Texas Family Code section 152.207 or 152.208. Therefore, the trial court did not have subject-matter jurisdiction under any of the four subsections of Texas Family Code section 152.201(a). *See* Tex. Fam. Code Ann. § 152.201(a); *Parker*, 2013 WL 5346417, at *2.[7]

The 2007 order is an agreed order signed by counsel for both Alcantar and Perez, and the order reflects that both parties requested rendition of the order. The 2007 order indicates that Mexico was S.A.H.'s home state when the trial court rendered that order. Alcantar's original petition affirmatively demonstrates that the trial court lacked subject-matter jurisdiction when the trial court rendered the 2007 order. Though the 2007 order reflects that the trial court considered unspecified evidence and that the parties waived the making of a record of this evidence, under these circumstances, it would not be reasonable to presume the evidence considered by the trial court showed that the trial court had subject-matter jurisdiction to enter the custody provisions in the 2007 order. *See Alfonso*, 251 S.W.3d at 53–55.

Even indulging every reasonable presumption in favor of the trial court's having had subject-matter jurisdiction over Alcantar's petition, the record affirmatively demonstrates that the trial court lacked subject-matter jurisdiction to make an initial child custody determination. *See Parker*, 2013 WL 5346417, at *2–3 (affirming order setting aside and declaring void *ab initio* child custody default judgment where record before trial court at time of judgment affirmatively showed that trial court lacked subject-matter jurisdiction to make initial child

---

[7] Moreover, the record does not indicate S.A.H. ever lived in Texas, much less that S.A.H. established "significant connection jurisdiction" in Texas. *See* Tex. Fam. Code Ann. § 152.201(a)(2); *Barabarawi*, 406 S.W.3d at 772–73.

custody determination).[8]

Accordingly, insofar as the trial court lacked subject-matter jurisdiction over the child custody issues in Alcantar's suit, the court did not err in granting Perez's petition to declare the 2007 order void and declaring that order void. *See id.* at *3; *Okonwo v. Okonwo*, 365 S.W.3d 801, 803 (Tex. App.—San Antonio 2012, no pet.).[9] We overrule Alcantar's first and second issues.

## III. CONCLUSION

We affirm the 2013 order.

/s/     Marc W. Brown
Justice

Panel consists of Chief Justice Frost, and Justices Donovan and Brown.

---

[8] To the extent that Alcantar also invokes the Uniform Interstate Family Support Act (UIFSA), chapter 159 of the Texas Family Code, the UIFSA is inapplicable to the jurisdictional issue before this court because section 152.201(a) provides the exclusive jurisdictional basis for making a child custody determination by a Texas court. *See* Tex. Fam. Code Ann. § 152.201(b); *Barajas*, 2012 WL 760921, at *3.

[9] On appeal, Alcantar does not raise any issue or brief any argument that the trial court erred in declaring only a portion of the 2007 order void rather than declaring the entire order void. Therefore, Alcantar has waived any such issue or argument. *See* Tex. R. App. P. 38.1(f), (i); Tex. Fam. Code Ann. § 102.012 (West 2014); *San Saba Energy, L.P. v. Crawford,* 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.); *Barajas*, 2012 WL 760921, at *3 n.4 ("By failing to provide any argument, authority, or citations to the record on this issue, [father] waives any argument that the trial court abused its discretion by refusing to exercise its partial jurisdiction over the portion of his case seeking a divorce.").