**Petition for Writ of Mandamus Denied and Opinion filed October 6, 2016.**



**In The**

# Fourteenth Court of Appeals

**NO. 14-16-00622-CV**

## IN RE THE OFFICE OF THE ATTORNEY GENERAL, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**311th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2015-39181**

## MEMORANDUM OPINION

On June 6, 2016, the associate judge of the 311th District Court of Harris County, Texas issued an order in a suit to modify the parent–child relationship. The Order implemented a mediated settlement agreement by the father and the mother and ordered relator, the Office of the Attorney General of Texas (OAG), to reimburse the father for child-support payments already remitted to the mother and to provide notice of a zero child- support arrearage judgment to three credit agencies.

On August 9, 2016, the OAG filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, the OAG asks this court to compel the Honorable Alicia Franklin York, presiding judge of the 311th District Court of Harris County, to vacate the part of the Order pertaining to the OAG.

In its first issue, the OAG argues that the trial court lacked jurisdiction over it because it was not served with citation and the motion to modify that resulted in the Order, and that the part of the Order pertaining to the OAG is therefore void.

In its second issue, the OAG argues that the Order granted injunctive relief against the OAG, and that the trial court lacked subject matter jurisdiction to enjoin the OAG because the OAG is an executive officer of the State, and under section 22.002(c) of the Government Code, only the Supreme Court of Texas may issue an injunction against an executive officer of the State. For this reason, the OAG asserts that the injunction against it is void due to lack of subject matter jurisdiction.

The OAG did not appear in the trial court and did not request the trial court to vacate the part of the Order pertaining to the OAG for the reasons stated in its petition for writ of mandamus.

"Mandamus relief generally requires a predicate request for an action and a refusal of that request." *In re Le*, 335 S.W.3d 808, 814–15 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding) (citing *Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 556 (Tex. 1990). "But, the requirement that there be a predicate request and

2

adverse ruling is excused when such a request would have been futile and the trial court's refusal little more than a formality." *Id*. at 815. The OAG has not shown that requesting the trial court to vacate the part of the Order pertaining to the OAG would be futile.

Even after the expiration of plenary power over a judgment, a trial court still may sign an order declaring the judgment to be void because the trial court lacked subject-matter jurisdiction to render the judgment. *See In re Martinez*, 478 S.W.3d 123, 126 (Tex. App.—Houston [14th Dist.] 2015, orig. proceeding); *In re S.A.H.*, 465 S.W.3d 662, 665–667 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (affirming order in which the trial court declared that its prior final judgment was void for lack of subject-matter jurisdiction based on a collateral attack filed in same case more than five years after rendition of judgment). The Supreme Court of Texas also has indicated that a collateral attack is available if there was "a complete failure or lack of service" that violates due process. *See PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 273–74 (Tex. 2012); *In re E.R.*, 385 S.W.3d 552, 566 (Tex. 2012).

Because the OAG has not first requested the relief it seeks in its petition for writ of mandamus from the trial court, we deny the petition without prejudice to refiling after the issues stated in the petition have been presented to and ruled on by the trial court.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Boyce and Christopher.

3