**Opinion issued February 26, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-17-00977-CV

———————————

**RAUL RAMIREZ, Appellant**

**V.**

**JAY LACOMBE AND BIANCA LACOMBE, Appellees**

On Appeal from the 310th District Court
Harris County, Texas
Trial Court Case No. 2016-36470

## MEMORANDUM OPINION

This is an appeal from the denial of a motion for new trial in a Suit Affecting

the Parent-Child Relationship ("SAPCR") brought by nonparents, Jay and Bianca

LaCombe. Appellant Raul Ramirez, the child's father, answered the lawsuit but

failed to appear at trial, and the trial court awarded sole managing conservatorship

of the child, J.R., to the LaCombes. Ramirez filed a motion for new trial, which the trial court denied, and he appealed. On appeal, he contends (1) that the court abused its discretion by denying his motion for new trial, (2) that the trial court lacked jurisdiction, (3) that Harris County was an improper venue, and (4) that the failure to serve J.R.'s mother, Amber Hendrickson, justified the granting of a new trial.

Finding no error in the appellate record, we affirm.

## Background

J.R. was born in Indiana in August 2012 to Amber Hendrickson and Raul Ramirez. Hendrickson was incarcerated when J.R. was two years old. She wanted relatives in Indiana to care for J.R., but Ramirez asked J.R.'s aunt Lisa Zurita, who lived in Texas, to care for her. When Zurita needed help with J.R., she turned to Jay and Bianca LaCombe, who attended her church. In January 2015, Ramirez signed a power of attorney "regarding care of a child" authorizing Lisa Zurita and Bianca LaCombe "to make any and all health care decisions" for J.R. "on an ongoing basis, as they are adults who have actual care, control, and possession of the child." The same day that Ramirez signed the power of attorney, J.R. went to live with the LaCombes in Spring, Texas.

About five months after the LaCombes took in J.R., they filed a petition in their county of residence, Montgomery County, seeking managing conservatorship

2

of her as nonparents. In March 2016, an amicus attorney appointed by the Montgomery County court filed a petition for writ of habeas corpus asking for J.R. to be returned to Ramirez. The habeas petition asserted that the court had dismissed the LaCombes' case for want of jurisdiction in February 2016 because J.R. had not lived with the LaCombes for six months or more when their original petition was filed. However, the habeas petition acknowledged that the ruling was not reduced to writing. J.R. was returned to Ramirez on March 7, 2016. In April 2016, the Montgomery County court signed an order granting the LaCombes' nonsuit and dismissing the case "without prejudice to the LaCombes' right to refile it."

About two months later, in June 2016, the LaCombes filed a petition in Harris County seeking sole nonparent managing conservatorship of J.R. In November 2016, Hendrickson sent a letter to the district clerk saying that she believed the matter regarding her daughter had been resolved by the earlier Montgomery County case. Ramirez answered the lawsuit, pro se, in March 2017. Trial was held on July 10, 2017, but Ramirez did not appear. The LaCombes and Douglas York, the amicus attorney appointed by the Harris County court, appeared and presented evidence.

On August 16, 2017, the Harris County trial court issued a final order determining that it had jurisdiction. The court found that "appointment of the

parents would not be in the best interest of the child because the appointment would significantly impair the child's physical health and emotional development." The court further found that the LaCombes "successfully overcame and ***rebutted*** the presumption that appointment of the parents" as joint managing conservators was in J.R.'s best interest. The court appointed the LaCombes as sole nonparent managing conservators of J.R., and it appointed Ramirez and Hendrickson as possessory conservators.

On September 15, 2017, Ramirez, then represented by counsel, filed a motion to set aside the final order or, alternatively, a motion for new trial. In the motion, he asserted that the LaCombes improperly brought suit in Harris County when they lived in Montgomery County. He also asserted that the Montgomery County suit had been dismissed for want of jurisdiction because, when it was filed, J.R. had lived with the LaCombes less than six months. Ramirez stated that "his failure to appear for the trial of this matter was not the result of conscious indifference but rather the result of an accident or mistake." He also stated that he had "a valid defense," because he is J.R.'s father and "the parents' choices and decisions concerning conservatorship of their child should take priority as a matter of constitutional due process." Finally, he asserted that Hendrickson was not given notice of the trial setting.

The trial court denied the motion for new trial, and Ramirez appealed.

4

Ramirez raises three issues on appeal. First, he asserts that the trial court erred by denying his motion for new trial because he proved his entitlement to a new trial under *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124 (Tex. 1939). Second, he contends that the trial court erred by signing the default final judgment because it did not have continuing, exclusive jurisdiction and because Harris County was an improper venue. Third, he argues that the trial court erred by denying his motion for new trial because Hendrickson was not properly served.

## I. The Harris County trial court had jurisdiction; Ramirez failed to preserve his venue challenge.

We address the second issue first because if the trial court lacked subject-matter jurisdiction, the final order would be void. *See PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 273 (Tex. 2012); *In re S.A.H.*, 465 S.W.3d 662, 665 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *see also Rusk State Hosp. v. Black*, 392 S.W.3d 88, 103 (Tex. 2012) (subject-matter jurisdiction can be raised at any time).

Ramirez asserts that the Harris County trial court lacked jurisdiction because the case in Montgomery County was pending when the Harris County case was filed, the LaCombes did not have "actual care, control, and possession" of J.R. immediately preceding the filing of the original petition, and Harris County was an improper venue.

First, the appellate record does not support Ramirez's argument that the Montgomery County case was pending when the Harris County case was filed. The record shows that the Montgomery County case was nonsuited without prejudice to refiling in April 2016, and the Harris County case was filed in June 2016. In addition, the Montgomery County court did not have continuing exclusive jurisdiction. *See generally* TEX. FAM. CODE §§ 155.001–.301. A "voluntary or involuntary dismissal of a suit affecting the parent-child relationship" does "not create continuing, exclusive jurisdiction in a court." *Id.* § 155.001(b)(1). Because the Montgomery County case terminated with an order of voluntary nonsuit, the Montgomery County court did not acquire continuing, exclusive jurisdiction. *See id.*

Second, the LaCombes were not required to have "actual care, control, and possession" at the time they filed suit. The Family Code provides that an "original suit may be filed at any time" by a "person, other than a foster parent, who has had actual care, control, and possession of the child for at least six months ending not more than 90 days preceding the date of filing the petition." TEX. FAM. CODE §102.003(a)(9). J.R. lived with the LaCombes, and the LaCombes had actual care, control, and possession of her, from January 19, 2015 through March 6, 2016, for a total of 13 months and 1 day. The LaCombes filed suit in Harris County on June 2,

6

2016, 88 days after J.R. was returned to Ramirez. Therefore, the LaCombes had standing to file suit, and the court had jurisdiction. *See id.*

Third, Ramirez complains on appeal that Harris County was not a proper venue because the LaCombes lived in Montgomery County when they filed suit. When an original SAPCR is filed and "no other court has continuing, exclusive jurisdiction," a party other than the petitioner may file a "timely motion" to transfer the case "to the county where venue is proper." TEX. FAM. CODE. § 103.002(a). Because Ramirez did not file a motion to transfer venue, *see id.*, his venue challenge is not preserved for appellate review. *See* TEX. R. APP. P. 33.1.

We overrule Ramirez's second issue.

## II. Ramirez did not show that his failure to appear was an accident or mistake and not the result of conscious indifference.

We review a trial court's denial of a motion for new trial for an abuse of discretion. *Dolgencorp of Texas, Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009); *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 82 (Tex. 1992). A trial court abuses its discretion if its decision is arbitrary, unreasonable, and without reference to guiding rules and principles. *See Goode v. Shoukfeh*, 943 S.W.2d 441, 446 (Tex. 1997); *Imkie v. Methodist Hosp.*, 326 S.W.3d 339, 344 (Tex. App.—Houston [1st Dist.] 2010, no pet.). When a trial court considers a motion for new trial filed by a defendant against whom the court rendered a post-answer default judgment, the court must consider the guiding rule set forth in *Craddock*. *Holt Atherton*, 835

7

S.W.2d at 82 (quoting *Craddock v. Sunshine Bus Lines*, 133 S.W.2d 124, 126 (Tex. 1939)). Such a defendant is entitled to a new trial if, in his motion for new trial, he establishes all three of the *Craddock* elements: (1) his nonappearance was not intentional or the result of conscious indifference, but was the result of an accident or mistake; (2) the motion for new trial alleges a meritorious defense; and (3) granting the motion will not cause undue delay or otherwise injure the nonmovant. *Dolgencorp*, 288 S.W.3d at 925.

To support the motion for new trial, the defendant must make factual allegations that are supported by evidence, such as accompanying affidavits setting forth facts, which, if true, satisfy the standard. *Holt Atherton*, 835 S.W.2d at 82. "[C]onclusory allegations are insufficient." *Id.* A movant for new trial must offer some excuse for his failure to appear. *See Sutherland v. Spencer*, 376 S.W.3d 752, 755 (Tex. 2012). "Conscious indifference" requires more than just mere negligence. *Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex. 1995). Rather, it means a "failure to take some action that would seem indicated to a person of reasonable sensibilities under the same circumstances." *Vannerson v. Vannerson*, 857 S.W.2d 659, 664 (Tex. App.—Houston [1st Dist.] 1993, writ denied).

As to the first *Craddock* element, in his motion for new trial, Ramirez stated the standard, asserting that he "would show that his failure to appear for the trial of

this matter was not the result of conscious indifference but rather the result of accident or mistake." He provided no factual basis for his failure to appear, and he offered no explanation or excuse for his absence. The evidence attached to his motion for new trial did not fill the gaps in the documentary evidence—it consisted primarily of pleadings filed in Montgomery County, and it did not include an affidavit from him explaining why he did not attend trial.

In *Holt Atherton*, the new trial movant filed an affidavit averring that the company's failure to answer was "due to accident and mistake." 835 S.W.2d at 83. The Texas Supreme Court held that this was no more than a conclusory statement. *Id.* The Court concluded that there were "no factual allegations supporting the first part of the *Craddock* test." *Id.* The same is true in this case: there were no factual allegations in the motion for new trial or the attached evidence supporting the first part of the *Craddock* test.

Because the first Craddock element was not satisfied, we do not need to reach the other two elements. *See id.*; *see also* TEX. R. APP. P. 47.1. We conclude that the trial court did not abuse its discretion by denying the motion for new trial. *See Dolgencorp*, 288 S.W.3d at 926; *Holt Atherton*, 835 S.W.2d at 82.

## III. Ramirez cannot avail himself of Hendrickson's excuse for failure to appear.

In its final order, the Harris County trial court found that Hendrickson "although duly and properly cited, did not appear and wholly made default." It also

9

found that "[a]ll persons entitled to citation were properly cited and filed answers with the Court." But Ramirez argues that the default judgment is void because Hendrickson did not receive proper service and therefore the court did not obtain jurisdiction over her. In support of this argument, he presented an affidavit from Hendrickson in which she stated that she was "never notified of the default judgment hearing." However, Hendrickson had previously appeared in the case by sending a letter to the court in November 2016 indicating that she believed that the matter involving J.R. had been resolved by the Montgomery County court. The evidence that Ramirez attached to his motion for new trial may be sufficient for Hendrickson to satisfy the first *Craddock* element, *see Lopez v. Lopez*, 757 S.W.2d 721, 723 (1988) (party who fails to appear for trial because he did not receive notice of trial setting satisfies first prong of *Craddock* test), but it is of no assistance to Ramirez, who has never asserted that he was not notified of the hearing in the underlying case.

We overrule this issue.

## Conclusion

We affirm the judgment of the trial court.


                                             Peter Kelly
                                             Justice

Panel consists of Justices Lloyd, Kelly, and Hightower.

10