**Ana Maria Tarquis ALFONSO, Petitioner,**

v.

**Michael SKADDEN, Respondent.**

No. 07–0321.

Supreme Court of Texas.

March 28, 2008.

Rehearing Denied May 16, 2008.

Pamela E. George, Eugene Paul Tausk, James Gregory Rytting, Hilder & Associates, Houston TX, for Petitioner.

Michael Skadden, Michael Skadden & Associates, Ted Hirtz, Houston TX, for Respondent.

PER CURIAM.

In this collateral attack on a child-custody default judgment, the underlying record affirmatively showed lack of subject-matter jurisdiction because the child had lived in Texas for only 25 days. The court of appeals held otherwise, presuming missing parts of the record might support jurisdiction. We agree courts must indulge all reasonable presumptions favorable to a judgment under collateral attack, but disagree that they can indulge a presumption that the record itself shows is untrue. Accordingly, we reverse.

Michael Skadden and Ana Maria Tarquis Alfonso were married in Houston in 1991. In March 1999, Tarquis filed for divorce in Spain, and one month later Skadden (a Houston lawyer affiliated with a Madrid firm) filed for divorce in Harris County. Each claims they were not served in the other's suit, although Skadden appeared by attorney in Spain and Tarquis was served by publication. When Tarquis failed to appear in Texas, the trial court granted default, divided the property, named both parents managing conservators of their only child, entered a standard possession order, and ordered Skadden to pay child support. By contrast, the Spanish court granted sole custody to Tarquis, denied visitation to Skadden on the basis he had no relationship with the child (Skadden admits he has not seen their child since 1998), and also ordered Skadden to pay child support.

Four years and three months after the Texas decree was signed, Skadden sought to enforce it. Tarquis answered and argued the 1999 judgment was void due to lack of personal jurisdiction because she had not been served, and lack of subject-matter jurisdiction because Texas was not the child's home state. The district judge—who had heard the 1999 case as an associate judge and recommended the di-

vorce decree—reviewed the 1999 file, heard evidence, and then denied enforcement, finding the absence of an appointed ad litem or statement of evidence rendered service by publication improper. *See* TEX.R. CIV. P. 244.

Skadden appealed, and the court of appeals reversed, finding both personal and subject-matter jurisdiction. Regarding personal jurisdiction, the court held a default could not be set aside for lack of service after four years, pointing to a 1961 opinion involving a direct attack, and dismissing as obiter dicta contrary opinions discussing collateral attacks like this one. 217 S.W.3d at 619 (citing *McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706, 709–11 (1961)). *But see Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex.2005) (holding void judgment may be collaterally attacked if rendered with "no jurisdiction of the parties"); *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex.1990) (same); *Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex.1987) (same); *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex.1985) (same); *accord, Tesco Am., Inc. v. Strong Indus., Inc.*, 221 S.W.3d 550, 555–56 (Tex.2006).

Regarding subject-matter jurisdiction, the court of appeals noted that Skadden swore in an affidavit with his 1999 filing that the couple's child was born in Spain and had always lived there except for a 25–day visit to Texas in 1998. As the custody proceeding was filed before September 1, 1999, it was governed by former section 152.003 of the Texas Family Code, which provided for child-custody jurisdiction in Texas if:

- Texas was the child's home state,

- the child had no home state, but had a significant connection to Texas,

- the child had been abandoned or subjected to mistreatment in Texas, or

- other states had no jurisdiction, or had declined to exercise it.

Act of Apr. 6, 1995, 74th Leg., R. S., ch. 20, § 1, 1995 Tex. Gen. Laws 113, 141–42 (amended 1999) (current version at TEX. FAM. CODE § 152.201).[1] As "home state" was defined as the place where the child had lived with a parent for six consecutive months, *id.* sec. 152.002(6), Skadden's filing affirmatively established that Spain was his "home state" and Texas was not. None of the other jurisdictional grounds applied; while Skadden argued he never had proper notice or a hearing in Spain, his recognition of those proceedings established that Spanish courts had not declined jurisdiction.

Nevertheless, based on Skadden's assertion that no record of the 1999 divorce hearing was available because the reporter had destroyed her notes, the court of appeals indulged a presumption that evidence at that hearing might have supported the decree's recital that Texas was the child's home state. 217 S.W.3d at 622. After issuance of this opinion, new counsel for Tarquis "begged" the court reporter to look harder, and sure enough the notes were located and a transcript of the hearing filed with the appellate court. That transcript again showed Skadden testifying at the hearing that the child had lived in Texas only 25 days, and included the following exchange with his own attorney:

1. *See* Act of Apr. 22, 1999, 76th Leg., R.S., ch. 34, § 2, 1999 Tex. Gen. Laws 52, 70 ("This Act takes effect September 1, 1999, and applies to a motion or other request for relief made in a child custody proceeding or to enforce a child custody determination that is commenced on or after that date. A motion or other request for relief made in a child custody proceeding or to enforce a child custody determination that was commenced before the effective date of this Act is governed by the law in effect at the time the motion or other request was made, and the former law is continued in effect for that purpose.").

Q: Between Spain and Texas, on the facts of your case, which is the most appropriate jurisdiction to exercise, to determine custody and support?

A: Well, it would be that of Spain.

In a supplemental opinion, the court of appeals again indulged a presumption, this time that something omitted from the clerk's record might have supported jurisdiction. *Id.* at 630.

■ We disagree with the court of appeals that it should have presumed something that the record in the underlying proceeding repeatedly showed was not true. The presumption supporting judgments does not apply when the record affirmatively reveals a jurisdictional defect:

> In order for a collateral attack to be successful the record must affirmatively reveal the jurisdictional defect. It seems to be the settled rule that if the record in the cause does not negative the existence of facts authorizing the court to render the judgment, the law conclusively presumes that such facts were established before the court when such judgment was rendered, and evidence dehors the record to the contrary will not be received.

*White v. White,* 142 Tex. 499, 179 S.W.2d 503, 506 (1944) (internal citations omitted); *accord, Bandy v. First State Bank, Overton, Tex.,* 835 S.W.2d 609, 614 (Tex.1992); *Sec. Trust Co. of Austin v. Lipscomb County,* 142 Tex. 572, 180 S.W.2d 151, 156 (1944); *see also Rolison v. Puckett,* 145 Tex. 366, 198 S.W.2d 74, 77 (1946) (holding that on collateral attack "every *reasonable* presumption to uphold it will be indulged." (emphasis added)). Because Skadden's affidavit and testimony affirmatively revealed a jurisdictional defect, the court of appeals should not have presumed otherwise.

■ Subject-matter jurisdiction cannot be waived, and can be raised at any time. *Univ. of Tex. Sw. Med. Ctr. at Dallas v. Loutzenhiser,* 140 S.W.3d 351, 358 (Tex.2004). Because the trial court lacked subject-matter jurisdiction to enter the custody provisions in the 1999 divorce decree, it properly refused to enforce that portion of the decree here.

Accordingly, we grant Tarquis's petition for review, and without hearing oral argument, Tex. R. App. P. 59.1, we reverse the court of appeals' judgment and render judgment dismissing the enforcement actions for lack of subject-matter jurisdiction.