**Opinion filed February 18, 2010**



In The

# Eleventh Court of Appeals

No. 11-08-00279-CV

## IN THE INTEREST OF L.R.J., A CHILD

**On Appeal from the 161st District Court**

**Ector County, Texas**

**Trial Court Cause No. B-4484-AD**

## MEMORANDUM OPINION

This is an appeal from an order terminating the parental rights of L.R.J.'s biological father, David, and granting the adoption of L.R.J. by her stepfather. The controlling issue on appeal is whether the trial court had jurisdiction to modify an out-of-state custody determination. Because it did not, we vacate the trial court's order and dismiss the cause.

David presents thirteen issues challenging the order terminating his parental rights. In the second issue, David asserts that the out-of-state court neither lost nor declined jurisdiction over custody determinations and that the Texas trial court erred in disregarding the mandatory provisions of TEX. FAM. CODE ANN. § 152.203 (Vernon 2008). That section, which is contained within the

Uniform Child Custody Jurisdiction and Enforcement Act[1] (UCCJEA) adopted by Texas, reads as follows:

**§ 152.203. Jurisdiction to Modify Determination**

Except as otherwise provided in Section 152.204 [pertaining to temporary emergency jurisdiction], a court of this state may not modify a child custody determination made by a court of another state unless a court of this state has jurisdiction to make an initial determination under Section 152.201(a)(1) or (2) and:

(1) the court of the other state determines it no longer has exclusive continuing jurisdiction under Section 152.202 or that a court of this state would be a more convenient forum under Section 152.207; or

(2) a court of this state or a court of the other state determines that the child, the child's parents, and any person acting as a parent do not presently reside in the other state.

We note that the exception for temporary emergency jurisdiction does not apply in this case, nor has any party suggested that it should.

The record shows that a judge of the Macomb County Circuit Court in Michigan entered the initial custody determination regarding L.R.J. on April 29, 2005, pursuant to the UCCJEA.[2] In that judgment, David and L.R.J.'s mother were given joint custody of L.R.J., though L.R.J.'s mother was given primary physical custody. Early in 2007, L.R.J. moved with her mother and stepfather to Texas. In August 2007, the Michigan court entered a consent order regarding grandparent visitation. The petition to terminate David's parental rights was filed in Ector County, Texas, on November 9, 2007, nine months after L.R.J. moved to Texas. *See* Sections 152.201, 152.102(7) (regarding the six-month, home-state residency requirement for the child). In response to the petition, David and his parents filed special appearances, pleas to the jurisdiction, and requests for the court to decline jurisdiction because the Michigan court retained jurisdiction over issues relating to L.R.J.'s custody. There is nothing in the record to indicate that the trial court considered these matters.

---

[1]*See* TEX. FAM. CODE ANN. ch. 152 (Vernon 2008).

[2]*See* MICH. COMP. LAWS ANN. §§ 722.1101-.1406 (West 2002).

However, in child custody cases such as this, jurisdiction is predicated on the UCCJEA. *In re S.L.P.*, 123 S.W.3d 685, 688 (Tex. App.—Fort Worth 2003, no pet.). The question of jurisdiction under the UCCJEA is one of subject-matter jurisdiction. *Alfonso v. Skadden*, 251 S.W.3d 52, 54-55 (Tex.), *cert. denied*, 129 S.Ct. 402 (2008); *Waltenburg v. Waltenburg*, 270 S.W.3d 308, 315 (Tex. App.—Dallas 2008, no pet.). Subject-matter jurisdiction cannot be waived, and it can be raised at any time, including on appeal. *Alfonso*, 251 S.W.3d at 55; *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444-45 (Tex. 1993). Furthermore, subject-matter jurisdiction is a question of law to be reviewed de novo. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998).

The clerk's record in this case contains copies of the orders and the judgment from Michigan relating to L.R.J.'s custody; these had been certified by the Michigan court. Initial jurisdiction was established in Michigan, which was at that time the home state of all parties concerned.[3] Once established, the Macomb County Circuit Court retained exclusive continuing jurisdiction absent temporary emergency jurisdiction or jurisdiction to modify. *See* Sections 152.202-.203. Pursuant to Section 152.203, the Texas court had jurisdiction to modify the Michigan court's order only if the conditions of either Section 152.203(1) or Section 152.203(2) were met.

With respect to Section 152.203(1), there is nothing in the record indicating that the Michigan court had made a determination that it no longer had exclusive continuing jurisdiction or that a Texas court would be a more convenient forum. To the contrary, the record shows that the Michigan court continued to exercise jurisdiction after the petition was filed in Texas. The Michigan court, on January 22, 2008, entered an order of contempt against L.R.J.'s mother for failing to comply with its prior order regarding grandparent visitation. In the contempt order, the Michigan court also granted the grandparents three weeks of make-up visitation time. Thus, the requirements of subdivision (1) were not met.

With respect to subdivision (2), there is nothing in the record indicating that either trial court had determined that David no longer resided in Michigan. The record indicates that service of process in this case was had upon David in Michigan and that he was thereafter transferred within the federal prison system to West Virginia. Though he may have been incarcerated in another state,

---

[3]We note that the briefs filed in this case indicate that L.R.J.'s mother and stepfather no longer reside in Texas, but have returned to Michigan where David also resides.

his residency remained in Michigan where he had lived before being incarcerated and where he would be released to after his term of incarceration. *See In re Marriage of Earin*, 519 S.W.2d 892 (Tex. Civ. App.—Houston [1st Dist.] 1975, no writ). Because David's residency remained in Michigan, the requirements of subdivision (2) were not met. *See Saavedra v. Schmidt*, 96 S.W.3d 533, 541-42 (Tex. App.—Austin 2002, no pet.); *see also In re S.J.A.*, 272 S.W.3d 678, 683-84 (Tex. App.—Dallas 2008, no pet.). Therefore, pursuant to Section 152.203, the well-meaning Texas trial court had no jurisdiction to modify the child custody determination that had been made by the Michigan court. The second issue is sustained. As that issue is dispositive of the appeal, we need not address the remaining issues. TEX. R. APP. P. 47.1.

We vacate the order terminating parental rights and granting adoption, and we render judgment dismissing the cause for lack of subject-matter jurisdiction.


JIM R. WRIGHT
CHIEF JUSTICE


February 18, 2010

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

4