Opinion filed February 18,
2010

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                           No. 11-08-00279-CV

                                                    __________

 

                             IN THE INTEREST OF L.R.J., A CHILD

 

 



 

                                         On
Appeal from the 161st District Court

 

                                                           Ector
County, Texas

 

                                               Trial
Court Cause No. B-4484-AD

 



 

                                            M
E M O R A N D U M   O P I N I O N

 

This is an appeal from an order terminating
the parental rights of L.R.J.=s
biological father, David, and granting the adoption of L.R.J. by her
stepfather.  The controlling issue on appeal is whether the trial court had
jurisdiction to modify an out-of-state custody determination.  Because it did
not, we vacate the trial court=s
order and dismiss the cause.  








David presents thirteen issues challenging
the order terminating his parental rights.  In the second issue, David asserts
that the out-of-state court neither lost nor declined jurisdiction over 
custody determinations and that the Texas trial court erred in disregarding the
mandatory provisions of Tex. Fam. Code
Ann. ' 152.203
(Vernon 2008).  That section, which is contained within the Uniform Child
Custody Jurisdiction and Enforcement Act[1]
(UCCJEA) adopted by Texas, reads as follows: 

'
152.203.  Jurisdiction to Modify Determination

Except as otherwise provided in Section 152.204 [pertaining
to temporary emergency jurisdiction], a court of this state may not modify a
child custody determination made by a court of another state unless a court of
this state has jurisdiction to make an initial determination under Section
152.201(a)(1) or (2) and:

 

(1) the court of the other state determines it no longer has
exclusive continuing jurisdiction under Section 152.202 or that a court of this
state would be a more convenient forum under Section 152.207; or

 

(2) a court of this state or a court of the
other state determines that the child, the child=s
parents, and any person acting as a parent do not presently reside in the other
state. 

We note that the exception for temporary emergency
jurisdiction does not apply in this case, nor has any party suggested that it
should.  

The record shows that a judge of the Macomb
County Circuit Court in Michigan entered the initial custody determination
regarding L.R.J. on April 29, 2005, pursuant to the UCCJEA.[2] 
In that judgment, David and L.R.J.=s
mother were given joint custody of L.R.J., though L.R.J.=s mother was given primary physical custody. 
Early  in 2007, L.R.J. moved with her mother and stepfather to Texas.  In
August 2007, the Michigan court entered a consent order regarding grandparent
visitation. The petition to terminate David=s
parental rights was filed in Ector County, Texas, on November 9, 2007, nine
months after L.R.J. moved to Texas.  See Sections 152.201, 152.102(7)
(regarding the six-month, home-state residency requirement for the child).  In
response to the petition, David and his parents filed special appearances,
pleas to the jurisdiction, and requests for the court to decline jurisdiction
because the Michigan court retained jurisdiction over issues relating to L.R.J.=s custody.  There is
nothing in the record to indicate that the trial court considered these
matters.  








However, in child custody cases such as
this, jurisdiction is predicated on the UCCJEA.  In re  S.L.P., 123
S.W.3d 685, 688 (Tex. App.CFort
Worth 2003, no pet.).  The question of jurisdiction under the UCCJEA is one of
subject-matter jurisdiction.  Alfonso v. Skadden, 251 S.W.3d 52, 54-55
(Tex.), cert. denied, 129 S.Ct. 402 (2008); Waltenburg v. Waltenburg,
270 S.W.3d 308, 315 (Tex. App.CDallas
2008, no pet.).  Subject-matter jurisdiction cannot be waived, and it can be
raised at any time, including on appeal.  Alfonso, 251 S.W.3d at 55; Tex.
Ass=n of Bus.
v. Tex. Air Control Bd., 852 S.W.2d 440, 444-45 (Tex. 1993).  Furthermore,
subject-matter jurisdiction is a question of law to be reviewed de novo.  Mayhew
v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998).  

The clerk=s
record in this case contains copies of the orders and the judgment from
Michigan relating to L.R.J.=s
custody; these had been certified by the Michigan court.  Initial jurisdiction
was established in Michigan, which was at that time the home state of all
parties concerned.[3]  Once
established, the Macomb County Circuit Court retained exclusive continuing
jurisdiction absent temporary emergency jurisdiction or jurisdiction to
modify.  See Sections 152.202-.203.  Pursuant to Section 152.203, the
Texas court had jurisdiction to modify the Michigan court=s order only if the
conditions of either Section 152.203(1) or Section 152.203(2) were met.  

With respect to Section 152.203(1), there is
nothing in the record indicating that the Michigan court had made a
determination that it no longer had exclusive continuing jurisdiction or that a
Texas court would be a more convenient forum.  To the contrary, the record
shows that the Michigan court continued to exercise jurisdiction after the
petition was filed in Texas.  The Michigan court, on January 22, 2008, entered
an order of contempt against L.R.J.=s
mother for failing to comply with its prior order regarding grandparent
visitation.  In the contempt order, the Michigan court also granted the
grandparents three weeks of make-up visitation time.  Thus, the requirements of
subdivision (1) were not met.  








With respect to subdivision (2), there is
nothing in the record indicating that either trial court had determined that
David no longer resided in Michigan.  The record indicates that service of
process in this case was had upon David in Michigan and that he was thereafter
transferred within the federal prison system to West Virginia.  Though he may
have been incarcerated in another state, his residency remained in Michigan
where he had lived before being incarcerated and where he would be released to
after his term of incarceration.  See In re Marriage of Earin, 519
S.W.2d 892 (Tex. Civ. App.CHouston
[1st Dist.] 1975, no writ).  Because David=s
residency remained in Michigan, the requirements of subdivision (2) were not
met.  See Saavedra v. Schmidt, 96 S.W.3d 533, 541-42 (Tex. App.CAustin 2002, no pet.); see
also In re S.J.A., 272 S.W.3d 678, 683-84 (Tex. App.CDallas 2008, no pet.).  Therefore, pursuant to
Section 152.203, the well-meaning Texas trial court had no jurisdiction to
modify the child custody determination that had been made by the Michigan
court.  The second issue is sustained.  As that issue is dispositive of the
appeal, we need not address the remaining issues.  Tex. R. App. P. 47.1. 

We vacate the order terminating parental
rights and granting adoption, and we render judgment dismissing the cause for
lack of subject-matter jurisdiction.  

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

February 18, 2010

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J. 









[1]See Tex. Fam. Code Ann. ch. 152 (Vernon
2008).  





[2]See Mich. Comp. Laws Ann. '' 722.1101-.1406 (West 2002). 





[3]We note that the briefs filed in this case indicate
that L.R.J.=s mother and stepfather no longer reside in Texas, but
have returned to Michigan where David also resides.