**Opinion filed October 13, 2022**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00122-CV

_____

## IN THE INTEREST OF A.J.T., A CHILD

**On Appeal from the 326th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 53,430-C**

### O P I N I O N

Joshua T., Appellant, is the father of A.J.T., a child. Cypreana T., Appellee, is the child's mother. Each parent petitioned the court for divorce and for custody of A.J.T. Following a hearing, the trial court entered temporary orders regarding the custody of A.J.T. Cypreana then alleged that the trial court did not have jurisdiction to hear the child custody matter, and she requested that the trial court dismiss the previously entered temporary orders and pending suit affecting the parent–child relationship (SAPCR). The trial court found that Texas is not the home state of the child and does not have subject-matter jurisdiction over the child. The trial court

severed the SAPCR from the divorce proceeding and dismissed the SAPCR. Joshua filed an appeal in which he presents two issues regarding jurisdiction. First, he contends that Chapter 152 of the Texas Family Code does not invoke what Joshua terms as "true" subject-matter jurisdiction nor does it deprive the district court of authority over child custody issues bestowed under the court's general jurisdiction. Second, he asserts that jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act[1] (UCCJEA) can be conferred upon the trial court by the actions of the parties. We affirm.

*Procedural History*

Joshua filed a petition for divorce in July 2020 that included a request for a temporary order regarding child custody. Cypreana responded in September 2020 by filing a counterpetition for divorce that also included a request for a determination of child custody. The trial court held a Webex hearing[2] on November 17, 2020, for temporary custody orders to be entered. The temporary orders were agreed to by both parents at the close of the hearing. Approximately one month later, Cypreana filed an emergency motion for a temporary restraining order. On December 29, 2020, the trial court held a Webex hearing on the motion, ultimately ruling that the temporary orders agreed upon in November remained in effect, with several additions. In January 2021, Cypreana filed a motion to dismiss the child custody suit alleging that the trial court did not have subject-matter jurisdiction to make an initial child custody determination. *See* TEX. FAM. CODE ANN. § 152.201 (West 2014).

The trial court found that the Original Petition for Divorce—which included a SAPCR—was filed on July 15, 2020; that A.J.T. had never lived in Texas; and that

---

[1]*See* TEX. FAM. CODE ANN. § 152.101 (West 2014).

[2]Pursuant to Texas Supreme Court Emergency Orders Regarding the COVID-19 Pandemic State of Disaster, Webex audio and videoconferencing was utilized for the hearings in this matter.

A.J.T. had resided in Japan for the six months preceding the date of the filing of Joshua's original petition. The trial court then concluded that subject-matter jurisdiction of the child custody suit was governed by Chapter 152 of the Texas Family Code. The trial court also found that Japan, not Texas, was the "home state" of the child pursuant to Section 152.105(a). The trial court then concluded that Texas did not have jurisdiction to hear the initial child custody determination for A.J.T. under Section 152.201 and that the court could not acquire subject-matter jurisdiction by consent.

*Subject-Matter Jurisdiction*

Subject-matter jurisdiction is never presumed, cannot be waived, and can be raised at any time. *Alfonso v. Skadden*, 251 S.W.3d 52, 55 (Tex. 2008); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993). We review challenges to a trial court's subject-matter jurisdiction de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised. *Id.* at 227. Though Texas district courts have general jurisdiction over child custody matters, the Texas Legislature adopted the UCCJEA in 1999 as Chapter 152 of the Texas Family Code, which governs those circumstances under which a court has, *or loses*, jurisdiction over a child custody suit. *In re D.S.*, 602 S.W.3d 504, 513 (Tex. 2020); *see* FAM. §§ 152.001–.317. Section 152.201 of the Family Code provides the exclusive jurisdictional basis for a Texas court to make an initial child custody determination. *In re Dean*, 393 S.W.3d 741, 746 (Tex. 2012).

Section 152.102(3) of the Texas Family Code defines "child custody determination" as "a judgment, decree, or other order of a court providing for legal custody, physical custody, or visitation with respect to a child." FAM. § 152.102(3). Section 152.102(4) defines a "child custody proceeding" as "a proceeding in which

3

legal custody, physical custody, or visitation with respect to a child is an issue." *Id.* § 152.102(4). The term "child custody proceeding" includes "a proceeding for divorce, separation, neglect, abuse, dependency, guardianship, paternity, termination of parental rights, and protection from domestic violence in which the [custody] issue may appear." *Id.* The term "initial determination" is defined as "the *first* child custody determination concerning a particular child." *Id.* § 152.102(8) (emphasis added).

Under Section 152.201(a), a Texas court has subject-matter jurisdiction to make an initial child custody determination *only if*:

> (1) this state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;

> (2) a court of another state does not have jurisdiction under Subdivision (1), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under Section 152.207 or 152.208, and:

>> (A) the child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and

>> (B) substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships;

> (3) all courts having jurisdiction under Subdivision (1) or (2) have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under Section 152.207 or 152.208; or

> (4) no court of any other state would have jurisdiction under the criteria specified in Subdivision (1), (2), or (3).

*Id.* § 152.201(a).

4

For courts of general jurisdiction such as our state district courts, subject-matter jurisdiction usually is presumed, *absent a showing to the contrary*. *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75 (Tex. 2000). Because Section 152.201 defines when the court has and does not have subject-matter jurisdiction over initial child custody determinations, subject-matter jurisdiction in this case cannot merely be presumed. It is Section 152.201 that invokes or relinquishes subject-matter jurisdiction in initial child custody matters, contrary to Joshua's attempt to distinguish otherwise. *See In re Dean*, 393 S.W.3d at 746.

*Applying the Statute—Timing in Filing the Child Custody Proceeding*

We have conducted a de novo review regarding subject-matter jurisdiction in this matter. The trial court correctly determined that it did not have subject-matter jurisdiction over the initial child custody determination of A.J.T. A Texas trial court has jurisdiction over the initial child custody determination when Texas is the child's home state, or when the court of another state does not have jurisdiction as a home state or has declined to exercise jurisdiction. FAM. § 152.201(a)(1), (2). As relevant to this case, a child's home state is "the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding." *Id.* § 152.102(7). The date of the commencement of the child custody proceeding is the reference point from which to determine the child's home state for the purpose of determining jurisdiction. *In re Brown*, 203 S.W.3d 888, 891 (Tex. App.—Fort Worth 2006, orig. proceeding); *In re Oates*, 104 S.W.3d 571, 577 (Tex. App.—El Paso 2003, orig. proceeding). "Commencement" is defined as "the filing of the first pleading in a proceeding." FAM. § 152.102(5). For purposes of the UCCJEA, a foreign country is treated as if it were a state of the United States. *See Cortez v. Cortez*, 639 S.W.3d 298, 306 (Tex. App.—Houston [1st Dist.] 2021, no pet.); FAM. § 152.105(a).

Joshua commenced this child custody proceeding on July 15, 2020, when he filed his Original Petition for Divorce. Accordingly, July 15, 2020, is the reference point for determining the child's "home state." In his own response to Cypreana's Motion to Dismiss, Joshua admitted that the child resided in Japan with her mother for the six-month period preceding his Original Petition for Divorce. There is no evidence in the record that Japan declined to exercise jurisdiction. Thus, the trial court correctly determined that at the time the child custody proceeding commenced, the child's "home state" under Section 152.201(a) was Japan. Joshua, as the petitioner in the SAPCR, failed to meet his burden to allege facts affirmatively showing that the Texas trial court had subject-matter jurisdiction over the child custody proceeding. Because we agree with the trial court that it had no jurisdiction to make an initial child custody determination in this case, we overrule Joshua's first issue.

In doing so, we further note that the legislature by enactment of Section 152.201 and the Texas Supreme Court in its recent opinion, *In re D.S.*, have limited and defined a district court's initial child custody subject matter jurisdiction. As stated in *D.S.*:

> The UCCJEA, [adopted by the Texas Legislature as Chapter 152 of the Texas Family Code] . . . has been adopted by most states, [and] helps ensure custody determinations are 'rendered in [the] State which can best decide the case in the interest of the child.' . . . The UCCJEA advances an overarching objective of expediency and stability in an increasingly mobile world by helping prevent manipulation of the system and undue complication of child-custody disputes, which can occur when a child is moved from one state to another.
>
> . . . [T]he UCCJEA articulates circumstances under which a court has, or loses, 'jurisdiction' over child-custody determinations."

*In re D.S.*, 602 S.W.3d at 513 (third alteration in original) (footnote omitted). While Joshua references cases in other jurisdictions, no Texas authority supports his subject-matter jurisdiction arguments here.

*Parties' Actions did not Confer Jurisdiction over Child*

In his second issue, Joshua argues that Cypreana invoked the jurisdiction of the trial court by participating in several hearings and asking for relief from the trial court, in that:

    a.  Initial pleadings filed by Cypreana asked the court to issue orders.

    b.  Cypreana participated in a temporary-orders hearing on November 17, 2020.

    c.  On December 22, 2020, Cypreana filed an "Emergency Motion for Temporary Restraining Order" and sought intervention from the court.

    d.  A second hearing was held during which Cypreana submitted testimony and evidence.

Joshua asserts that Cypreana sought the intervention of the trial court and, when she did not agree with the trial court's decision, asked for the case to be dismissed. While such actions may be relevant to the issue of personal jurisdiction, Section 152.201(c) is clear. "Physical presence of, or *personal jurisdiction over, a party or a child is not* necessary or *sufficient* to make a child custody determination." FAM. § 152.201(c) (emphasis added). Joshua conflates personal and subject-matter jurisdiction and fails to acknowledge that subject-matter jurisdiction for child custody matters may not be "invoked" by the actions of a parent. Nor can it be waived or consented to in place of the requirements outlined in Section 152.201 of the Texas Family Code. Because subject-matter jurisdiction cannot be presumed or waived, and can be raised at any time, Cypreana did not confer subject-matter jurisdiction by any action before the trial court. *See Alfonso*, 251 S.W.3d at 55. We therefore overrule Joshua's second issue.

7

*This Court's Ruling*

We affirm the order of the trial court.

W. BRUCE WILLIAMS

JUSTICE

October 13, 2022

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.