COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| CYNTHIA PAOLA BOWLES, | § | No. 08-23-00311-CV |
| Appellant, | § | Appeal from |
| v. | § | 365th District Court of |
| HAL FRANK BOWLES, | § | of Maverick County, Texas |
| Appellee. | § | (TC# 18-05-35711-MCVAJA) |

## MEMORANDUM OPINION

In six issues, Cynthia Paola Bowles appeals the trial court's order denying her motion to vacate the Qualified Domestic Relations Order (QDRO), challenging the order as void. Because the trial court did not have jurisdiction to enter the QDRO, we reverse and render judgment declaring the QDRO void as a matter of law.

## BACKGROUND

After about nine years of marriage to Hal Frank Bowles, Cynthia filed for divorce in the 365th District Court of Maverick County.[1] The trial court entered the final divorce decree and, in dividing the marital estate, awarded Cynthia various assets including:

> All sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other

---

[1] This case was transferred pursuant to the Texas Supreme Court's docket equalization efforts. Tex. Gov't Code Ann.§ 73.001. We follow the precedent of the Fourth Court of Appeals to the extent it might conflict with our own. *See* Tex. R. App. P. 41.3.

1

rights related to any profit-sharing plan, retirement plan, Keogh plan, pension plan, employee stock option plan, 40l(k) plan, existing by reason of the Petitioner's past, present, or future employment: LESS THE SUM OF TEN THOUSAND DOLLARS AND ZERO CENTS ($10.000.00) from CYNTHIA PAOLA BOWLES Teacher's Retirement System, which will be paid to HAL FRANK BOWLES.

The trial court likewise awarded to Hal:

The sum of TEN THOUSAND DOLLARS AND ZERO CENTS ($10,000.00) from the Wife's Retirement, to wit, Teacher Retirement System.

The trial court signed the divorce decree on March 27, 2019, rendering the couple divorced effective October 31, 2018. Neither party appealed the divorce decree or filed any post-judgment motions in the trial court.

On June 3, 2019, Hal sought a QDRO by filing a proposed order into the parties' divorce case but did not serve it on Cynthia. Nonetheless, the trial court signed and entered the order on June 7. The order designated Hal as the alternate payee of Cynthia's Teacher Retirement System (TRS) plan to receive a portion of her benefits under the divorce decree. It also contained a special instruction, stating that Hal was not to "receive more than a total of $10,000.00 plus interest, calculated from the end date of division to the date of distribution to the Alternate Payee begins . . . ."

Cynthia maintains she did not know about the QDRO until a year later, when TRS sent her a letter rejecting the order Hal sent directly to it. Once Cynthia discovered the QDRO, she filed a motion to vacate the order on several bases. She contended that the trial court's plenary power expired 30 days after it signed the final divorce decree, and because Hal did not properly petition the trial court for a QDRO under Texas Family Code § 9.102, the QDRO exceeded the court's power. Cynthia also argued that the entry of the QDRO denied her due process rights since Hal never gave her notice by service of citation. And she maintained the QDRO was unenforceable

2

under Texas Family Code § 9.007, as it changed the substantive division of the marital property made in the final divorce decree. In sum, Cynthia requested that the trial court vacate the order and enter a new QDRO conforming to the property division order in the final divorce decree. Hal opposed the motion because it would deny him "the opportunity to gain interest on the $10,000.00 he was awarded based on the Final Decree of Divorce."

Following a hearing[2] and supplemental briefing from Cynthia, the trial court denied Cynthia's motion to vacate, finding that the motion was not timely filed under Texas Rule of Civil Procedure 329b, and it "did have continuing, exclusive jurisdiction" to enter the QDRO under Texas Family Code § 9.1045.

Cynthia appealed. After Hal's deadline to file his appellee's brief passed, the Clerk issued notice of his late brief and extended the opportunity to file his brief with a motion to extend the time to file the same. Hal did not file either, so we consider the appeal on Cynthia's brief alone.

## DISCUSSION

On appeal, Cynthia maintains that her motion to vacate was not untimely and the QDRO is void. She also argues that the trial court should have awarded her attorney's fees under Texas Family Code § 9.106. We reorder Cynthia's six issues and analyze them below.

### A. Cynthia's motion to vacate was not untimely.

In issue two, Cynthia challenges the trial court's order based on its conclusion that her motion to vacate was not timely filed and argues that a void judgment can be collaterally attacked at any time. She is correct.

---

[2] Although Cynthia filed her motion to vacate on July 7, 2020, the trial court did not hear the motion until July 21, 2023. It denied the motion on September 19, 2023.

After the time to file an appeal has expired, a party to a final judgment may collaterally attack the judgment on the ground that the judgment was void. *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 272 (Tex. 2012). A judgment is void, rather than merely voidable, when the court rendering judgment lacked jurisdiction. *Id.* Though a QDRO is a final appealable order to which res judicata applies, a party may collaterally attack a QDRO if she can show it is void. *Gainous v. Gainous*, 219 S.W.3d 97, 105–06 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) (citing *Baxter v. Ruddle*, 794 S.W.2d 761, 762 (Tex. 1990)).

Here, it is undisputed that Cynthia did not appeal the QDRO.[3] Instead, her motion to vacate expressly challenged the QDRO as void, contending that it was signed after the trial court's plenary power had expired and thus exceeded the court's power. In other words, Cynthia's motion collaterally attacked the QDRO. Thus, the trial court erred by concluding that her motion to vacate was not timely because collateral attacks are not time-barred. We sustain issue two.

**B. The trial court did not have jurisdiction when it entered the QDRO.**

In issues one, three, four, and six, Cynthia argues the trial court erred by: denying her motion to vacate because it lacked authority to enter the QDRO, which changed the property division in the final decree of divorce, after its plenary power expired (issue one and three); Hal failed to comply with the applicable provisions of the Family Code to obtain a post-decree QDRO (issue four); and her due process rights were violated because she did not receive notice before the court entered it (issue six).

A QDRO is a post-divorce enforcement order that creates or recognizes an alternate payee's right to receive all or a portion of the benefits payable to a retirement plan participant. *Quijano v. Quijano*, 347 S.W.3d 345, 353–54 (Tex. App.—Houston [14th Dist.] 2011, no pet.). It

---

[3] Indeed, Cynthia alleges she did not even find out about the QDRO until well after the deadline to appeal it passed.

is significant because a retirement plan that receives a valid QDRO must pay the plan benefits to the designated alternate payee. *Dalton v. Dalton*, 551 S.W.3d 126, 137–38 (Tex. 2018).

Subchapter B of Texas Family Code Chapter 9 governs post-decree QDROs. Tex. Fam. Code Ann. §§ 9.101–.106. It grants the court that rendered a final divorce decree "continuing, exclusive jurisdiction" to enter a QDRO, *id.* § 9.101, in two circumstances: (1) if the court did not enter a QDRO with the final divorce decree or other final order dividing property, *id.* § 9.103, or (2) to "correct" or "clarify" a prior QDRO "to effectuate the division of property ordered by the court," *id.* § 9.1045. *Dalton*, 551 S.W.3d at 139. These provisions enable the court "to effect payment of retirement benefits that were divided by a previous decree." *Id.* at 139–40 (quoting Tex. Fam. Code Ann. § 9.105). That is, "Chapter 9 authorizes post-decree QDROs only to effectuate *previous* property divisions." *Id.* at 140. "A QDRO is void if the trial court lacked jurisdiction over the parties, the subject matter, or to enter the judgment, or if it lacked capacity to act as a court." *Beshears v. Beshears*, 423 S.W.3d 493, 500 (Tex. App.—Dallas 2014, no pet.) (citing *Gainous*, 219 S.W.3d at 105).

Section 9.102 provides the procedure for filing a post-judgment QDRO:

(b) Except as otherwise provided by this code, a petition under this subchapter is governed by the Texas Rules of Civil Procedure that apply to the filing of an original lawsuit.

(c) Each party whose rights may be affected by the petition is entitled to receive notice by citation and shall be commanded to appear by filing a written answer.

(d) The proceedings shall be conducted in the same manner as civil cases generally.

Tex. Fam. Code Ann. § 9.102(b), (c), (d).

Because Cynthia challenged the QDRO via collateral attack, to prevail, she must show that the QDRO is void. *PNS Stores*, 379 S.W.3d at 272. Although courts presume a collaterally attacked judgment is valid, "that presumption disappears when the record establishes a jurisdictional

defect." *Id.* at 273 (citing *Alfonso v. Skadden*, 251 S.W.3d 52, 55 (Tex. 2008)). We may look beyond the face of the judgment to determine whether the record affirmatively demonstrates the trial court lacked jurisdiction. *Id.* "The record affirmatively demonstrates a jurisdictional defect sufficient to void a judgment when it either: (1) establishes that the trial court lacked subject matter jurisdiction over the suit; or (2) exposes such personal jurisdictional deficiencies as to violate due process." *Id.* (footnote omitted). Whether a court has jurisdiction is a legal question we review de novo. *Joyner v. Joyner*, 352 S.W.3d 746, 749 (Tex. App.—San Antonio 2011, no pet.) (citing *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002)).

Here, the trial court did not render a QDRO in the parties' final divorce decree. Neither party made any post-judgment motions that would have extended the trial court's plenary power to "modify, correct, or reform" the final decree beyond thirty days after it was signed. Tex. R. Civ. P. 329b(d). Thus, while Hal could request a post-judgment QDRO, he was required to comply with the applicable procedural provisions of § 9.102. *Araujo v. Araujo*, 493 S.W.3d 232, 238 (Tex. App.—San Antonio 2016, no pet.). He did not. Instead, Hal filed the proposed order into the divorce case over two months after the trial court signed the final divorce decree. In other words, Hal did not file "a petition" under "the Texas Rules of Civil Procedure that apply to the filing of an original lawsuit." Tex. Fam. Code Ann. § 9.102(a), (b). And as a "party whose rights may be affected by the petition," Cynthia would have been "entitled to receive notice" of it. *Id.* § 9.102(c).

Because this subchapter provides "limited, post-judgment jurisdiction that may be invoked only in particular circumstances, rather than for plenary, original jurisdiction," the trial court lacked jurisdiction to enter the QDRO. *Araujo*, 493 S.W.3d at 238 (quoting *DeGroot v. DeGroot*, 260 S.W.3d 658, 662 (Tex. App.—Dallas 2008, no pet.)). We sustain issue four. Because issue four is dispositive, we need not address issues one, three, and six. *See* Tex. R. App. P. 47.1 ("The

6

court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

### C. The trial court did not abuse its discretion in denying Cynthia's request for attorney's fees.

In issue five, Cynthia argues that the trial court should have awarded her attorney's fees under Texas Family Code § 9.106. She maintains the trial court abused its discretion in its rulings related to the QDRO, including its denial of her request for attorney's fees. And she asks us to reverse that ruling as well as grant her reasonable attorney's fees for all trial and appellate work related to the void QDRO.

"Texas has long followed the American Rule prohibiting fee awards unless specifically provided by contract or statute." *MBM Fin. Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 669 (Tex. 2009). However, § 9.106 authorizes the discretionary award of reasonable attorney's fees in proceedings regarding post-decree QDROs. Tex. Fam. Code Ann. § 9.106. We review a trial court's decision on attorney's fees for abuse of discretion. *Fort Worth Transp. Auth. v. Rodriguez*, 547 S.W.3d 830, 850 (Tex. 2018). A trial court abuses its discretion if it acts arbitrarily, without reference to guiding rules or principles. *In re R.E.S.*, 482 S.W.3d 584, 586 (Tex. App.—San Antonio 2015, no pet.) (citing *Illif v. Illif*, 339 S.W.3d 74, 78 (Tex. 2011)).

In her motion to vacate, Cynthia requested attorney's fees, expenses, and costs, but she did not provide a legal basis for her request.[4] And as we concluded above, Hal did not invoke the trial court's limited jurisdiction to enter a post-decree QDRO such that there was not "a proceeding under this subchapter" as § 9.106 requires. Given the procedural vehicle through which Cynthia

---

[4] Specifically, her request stated in full: "It was necessary to secure the services of Edgar Juarez, an attorney licensed in Texas, to enforce and protect the rights of Movant Cynthia Paola Bowles. Respondent should be ordered to pay reasonable attorney's fees, expenses, and costs. A judgment should be rendered in favor of the attorneys and against Respondent, and ordered paid directly to the undersigned attorneys, who may enforce the judgment in the attorney's own name."

brought her attack on the QDRO, the trial court had no statutory basis to award discretionary fees through the Family Code or otherwise. Thus, we cannot say the trial court abused its discretion in denying Cynthia's request for attorney's fees. Similarly, we cannot render a judgment for attorney's fees in Cynthia's favor because she has not provided us with a contractual or statutory basis that would support such an award on appeal.

We overrule issue five.

## CONCLUSION

For the above reasons, we reverse and render judgment declaring the QDRO void as a matter of law.


LISA J. SOTO, Justice

April 26, 2024

Before Alley, C.J., Palafox and Soto, JJ.